J-A12029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JEROME MORGAN | : | |
| | : | |
| Appellant | : | No. 274 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001782-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JEROME MORGAN | : | |
| | : | |
| Appellant | : | No. 275 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2010
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001444-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JEROME MORGAN | : | |
| | : | |
| Appellant | : | No. 276 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001446-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN JEROME MORGAN :
:
Appellant : No. 277 MDA 2020

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001445-2019

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 18, 2021**

John Jerome Morgan appeals from the judgment of sentence,[1] entered

in the Court of Common Pleas of Lackawanna County, after entering guilty

pleas under the four above-listed docket numbers.[2]  Morgan seeks to

_____

[1] In his notices of appeal, Morgan purports to appeal from the January 16, 2020 order denying his post-sentence motion in each case.  However, these appeals properly lie from the judgment of sentence entered on January 7, 2020.  ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (correcting caption when appellant misstates from where appeal lies); ***Commonwealth v. Chamberlain***, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).

[2] Morgan has filed four notices of appeal, one at each docket number. Therefore, Morgan has complied with the requirements of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower court docket number or appeal will be quashed); ***Commonwealth v. J. Johnson***, 236 A.3d 1141, *(Footnote Continued Next Page)*

challenge the discretionary aspects of his sentence, and counsel has filed an

**Anders**[3] brief and accompanying petition to withdraw on appeal.  After careful

review, we affirm Morgan's judgment of sentence and grant counsel's petition

to withdraw.

The trial court set forth the factual history of this case as follows:

On January 11, 2019, through criminal information [docketed at number 19-CR-1782], the Commonwealth charged [Morgan] with one [] count of fraud, alter[ed]/forg[ed]/counterfeit title, registration, insurance, 75 Pa.C.S.[A.] § 7122(1), stemming from an incident in which Sergeant Edward Perchinsky[, of the Mayfield Police Department,] responded to assist the Archbald and Jermyn Borough Police Departments with the apprehension of [Morgan], a known habitual offender[, for] driving with a license suspension. S[ergeant] Perchinsky indicated that [he was aware that Morgan] previously fled from law enforcement in prior incidents. Possessing this information, Sgt. Perchinsky observed [Morgan]'s red Pontiac in a commercial parking lot.  He also observed [Morgan] exit [a] General Dollar [store] and approach the driver's side of the red Pontiac.  [Morgan] opened the [Pontiac]'s door, and then closed [it,] taking off on foot through the parking lot. [Sergeant] Perchinsky engaged in a foot chase [].  However, [after Sergeant Perchinsky was] unable to locate [Morgan], [he] returned to the [Pontiac] and requested [it] be removed.  [] [Sergeant] Perchinsky [also] observed a fraudulent Pennsylvania inspection and emissions sticker with invalid information [on the Pontiac].  [Sergeant Perchinsky noted that, in the] last [six] months[,] Morgan ha[d] been caught seven [] times driving a motor vehicle while [his license was] suspended, [and Morgan had possessed] four [] different Pennsylvania registration plates [] with [two] New York State registration[s].  After running the

---

1146 (Pa. Super. 2020) (en banc) (same).  **See also Commonwealth v. R. Johnson**, 236 A.3d 63, 66 (Pa. Super. 2020) (en banc) (revisiting **Walker** requirements); Pa.R.A.P. 341(a).

[3] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

vehicle identification number, [Sergeant Perchinsky discovered that Morgan's license wa]s actively suspended[.]

Subsequently, on November 18, 2019, [Morgan] entered a guilty plea to an orally amended criminal information, pleading [guilty] to [] disorderly conduct, 18 Pa.C.S.[A.] § 5503(a)(4)[,] graded as a misdemeanor of the third degree, and [] fraudulent use or removal of registration plate, 75 Pa.C.S.[A.] § 7124[,] graded as a summary offense. After entry of [his] guilty plea, [Morgan] submitted a petition for house arrest, which [the court] granted on December 16, 2019. []

On April 18, 2019, through criminal information [docketed at number 19-CR-1445], the Commonwealth charged [Morgan] with one [] count of driving while license suspended/revoked [] 3rd or subsequent violation, 75 Pa.C.S.[A.] § 1543(b)(1)(iii), stemming from an incident[] wherein the Archbald Police Department responded to a property trespasser. Officer Jamie Trently interviewed the owner of the "Jermyn Mobile Home" property, Kech Lonhky, who produced a photograph[] of [Morgan] driving a red Pontiac within the "Jermyn Mobile Home" property. Upon reviewing the photograph, Officer Trently [recognized Morgan] and knew [Morgan had] a suspended driver's license. Officer Trently was aware that [Morgan] previously incurred fifteen convictions for a suspended driver's license.

Subsequently, on October 10, 2019, [Morgan] entered a guilty plea [at docket 1445] to [] driving while license suspended/revoked[,] graded as a misdemeanor of the third degree. []

Also, on April 18, 2019, through criminal information [docketed at number 19-CR-1446], the Commonwealth charged [Morgan] with one [] count of criminal trespass (defiant trespasser), 18 Pa.C.S.[A.] § 3503(b)(1)(i), stemming from an incident wherein Officer Brian Munley of the Archbald Police Department responded to a trespasser at the "Jermyn Mobile Home" property. Officer Munley observed [Morgan] walking across the road [near the property]. [Officer Munley] stopped [Morgan] and questioned [him,] knowing [Morgan] to be prohibited from the property. Officer Munley indicated that[,] through a private complaint of trespass, on April 1, 2019, Magistrate Laura Turlip found [Morgan] guilty, and prohibited [him] from entering the "Jermyn Mobile Home" property.

[Also] on October 10, 2019, [Morgan] entered a guilty plea to [] criminal trespass (defiant trespasser) [at docket 1446], [] graded as a misdemeanor of [the] third degree. []

On April 22, 2019, the Commonwealth charged [Morgan under docket number 19-CR-1444] with one [] count of habitual offender, 75 Pa.C.S.[A.] § 6503.1[,] and one [] count of operating vehicle without valid inspection, 75 Pa.C.S.[A.] § 4703(a), stemming from an incident wherein Chief Joseph Perchinsky of the Mayfield Police Department, observed [Morgan] driving a maroon Pontiac. Chief Perchinsky became familiar with [Morgan] from an incident that occurred a few days prior on April 18, 2019. As such, Chief Perchinsky knew [Morgan] to have a lengthy suspended driver's license history.

[Also] on October 10, 2019, [Morgan] entered a guilty plea [at docket 1444 to] habitual offender, [] graded as a misdemeanor of the second degree. [After entry of Morgan's guilty pleas under dockets 1444, 1445, and 1446, Morgan submitted petitions for work release, which were granted. The court scheduled sentencing, in all four cases, for January 7, 2020.]

Prior to sentencing, the court thoroughly reviewed a presentence investigation report [(PSI)] detailing the facts and circumstances of the underlying cases as well as [Morgan's] individual characteristics [], including his sordid driving history and active magisterial warrants.

At [docket number] 1782[, for] disorderly conduct, [Morgan was sentenced] in the aggravated range to six [] to twelve [] months[,] and [for] fraudulent use or removal of registration plate, [] th[e] court imposed a $300.00 fine.

[At docket number] 1445, [for] driving while license suspended/revoked [] 3rd or subsequent violation, th[e] court sentenced [Morgan] in the aggravated range to six [] to twelve [] months[.]

[At docket number] 1446, [for] criminal trespass (defiant trespasser), [] th[e] court sentenced [Morgan] in the aggravated range to six [] to twelve [] months[.]

Finally, as to [docket number] 1444, [for] habitual offender[], [] th[e] court sentenced [Morgan] to six [] to twenty-four [] months[. The court ordered all of the sentences to run

consecutively for] an aggregate sentence of twenty-four [] to sixty [] months[']' state incarceration with a $300.00 fine.

[O]n January 14, 2020[, Morgan] filed a timely motion for reconsideration of sentence, in which [he] requested, [*inter alia*,] a county sentence and/or participation in the Lackawanna County house arrest/work release program in lieu of incarceration. [The] court denied [Morgan]'s motion on January 15, 2020. Morgan filed [four] timely notice[s] of appeal to the Pennsylvania Superior Court on February 12, 2020.

Trial Court Opinion, 12/9/20, at 1-5 (edited for clarity; headers and unnecessary capitalization omitted).

On March 25, 2020, this Court consolidated Morgan's appeals *sua sponte*. **See** Pa.R.A.P. 513. Morgan and the trial court have both complied with Pa.R.A.P. 1925. Morgan's attorney, Donna M. DeVita, Esquire, has filed an **Anders** brief seeking to withdraw on appeal. In her **Anders** brief, counsel raises the following issue for our review: "Whether the trial court[,] when it imposed sentences in the aggravated ranges[,] imposed harsh and excessive sentences without sufficient reasons." **Anders** Brief, at 4 (unnecessary capitalization omitted).

Prior to reviewing Morgan's claim, we must determine if counsel has complied with the procedural requirements for withdrawal. An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Specifically, counsel must:

(1) petition the [C]ourt for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the [appellant]; and (3) advise the [appellant] that he or she has the right to retain private counsel or raise additional

- 6 -

arguments that the [appellant] deems worthy of the [C]ourt's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court, in *Santiago*, stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, Counsel has complied with the procedural requirements of *Anders*, *McClendon*, *Santiago*, and their progeny. Counsel has provided Morgan with a letter advising him of his rights. *See Cartrette*, *supra*; *see also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). The letter is attached to counsel's withdrawal petition. *See* Petition to Withdraw,

- 7 -

2/22/21, at "Exhibit A". Although the petition does not contain proof of service on Morgan, it mentions the letter was enclosed, *see* Petition to Withdraw, 2/22/21, at ¶ 8, and the *Anders* brief contains proof of service on Morgan. *See Nischan*, *supra*; *see also Anders* Brief, at 17. Here, we find counsel's compliance with the *Anders* requirements to be substantial; therefore, counsel's compliance was sufficient. *See Wrecks*, *supra*. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted). We, therefore, proceed to our mandatory independent review as to whether Morgan's appeal is, in fact, wholly frivolous.[4]

Morgan challenges the discretionary aspects of his sentence. A defendant has no automatic right to appeal the discretionary aspects of the sentence. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018). Rather, this Court's jurisdiction must be invoked by satisfying a four-part test in which we determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

---

[4] Morgan has not filed a response to counsel's *Anders* brief or the petition to withdraw.

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted).

Here, Morgan has filed timely notices of appeal for each of the four underlying cases. Nevertheless, Morgan has only partially preserved his discretionary claim via his motion for reconsideration of sentence. ***See*** Motion for Reconsideration of Sentence, 7/14/20. In Morgan's motion for reconsideration, he raised the issue that the court failed to state sufficient reasons for sentencing him in the aggravated range of the sentencing guidelines, ***id.*** at ¶ 6, but Morgan failed to preserve the issue that his sentence was harsh and excessive. ***Id.*** at 1-3. As such, Morgan has only preserved his claim as it relates to the court's failure to state sufficient reasons on the record for sentencing him in the aggravated range. ***See Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (citing Pa.R.A.P. 302(a), finding issue waived where appellant included issue in Pa.R.A.P. 1925(b) statement, but did not raise issue first in trial court); ***see also Tukhi***, ***supra*** at 888-89 (finding challenge to discretionary aspects waived where not preserved at sentencing or in post-sentence motion, and holding pursuit of waived issue on direct appeal frivolous).

Regarding the third requirement, Morgan has included a Rule 2119(f) statement. ***See Anders*** Brief, at 10-11. Therefore, we may proceed to discern whether Morgan has raised a substantial question.

We determine whether there is a substantial question on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). This Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000). "[W]e cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013).

Here, Morgan states that the court failed to place adequate reasons in the record for imposing a sentence in the aggravated range of the sentencing guidelines. Such a claim raises a substantial question for our review. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 275-76 (Pa. Super. 2019) (citing ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008)).

Our well-settled standard of review for a challenge to the discretionary aspects of one's sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will,

or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance[,] or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Nevels***, 203 A.3d 229, 247 (Pa. Super. 2019) (quoting

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007)).

Additionally, this Court's review of the discretionary aspects of a sentence is governed by 42 Pa.C.S.A. §§ 9781(c) and (d). ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013). Section 9781(c) provides, in relevant part:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> \*   \*   \*
>
>   (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c)(3). Subsection 9781(d) requires that, in reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Moreover, "[a]lthough a sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy is not required[; however, t]he court must explain any deviation from the sentencing guidelines." *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (internal citations, quotation marks, and ellipsis omitted). The "sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." *Commonwealth v. Stewart*, 867 A.2d 589, 592-93 (Pa. Super. 2005). "A sentencing court should not sentence in the mitigated minimum range, the aggravated minimum range, or outside the applicable guideline ranges based solely upon [a] criterion already incorporated into the guidelines." *Commonwealth v. Darden*, 531 A.2d 1144, 1149 (Pa. Super. 1987). Nevertheless, trial courts are permitted to use prior conviction history and other facts already included in the guidelines if they supplement that information with other sentencing factors. *Simpson*, *supra* at 339. An aggravated-range sentence is justified to the extent that the individual circumstances of the appellant's case are atypical of the crime for which the appellant was convicted, such that a more severe punishment is appropriate. *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006). "The weight to be given those [aggravating] factors [i]s within the province of the trial court to determine." *Commonwealth v. Chilquist*, 548 A.2d 272, 273 (Pa. Super. 1988). Additionally, "[w]here the court's sentencing colloquy shows consideration of the defendant's circumstances, prior criminal record, personal characteristics[,] and

rehabilitative potential, and the record indicates that the court had the benefit of the [PSI], an adequate statement of the reasons for sentence imposed has been given." ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999) (citations and quotation marks omitted). ***See also Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) ("Where [PSI] reports exist, [the appellate courts] shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

At sentencing, the court placed the following reasons on the record for sentencing Morgan in the aggravated range of the guidelines:

[Defense Counsel]:  Mr. Morgan is scheduled for sentencing on four docket numbers, they are relatively minor offenses.

The Court:  **They're minor, but they're not.**

[Defense Counsel]:  Well, they are minor in the grand scheme of things.  I mean, most of them had things to do with driving.

The Court:  Right.  [**Morgan**] **has 15 previous convictions for driving with a suspended license.**

\*   \*   \*

The Court:  **Mr. Morgan, why do you think you are above the law?**  I mean, this is absolutely insane.

[Morgan]:  I don't think I'm above the law, not at all.

The Court:  **You got caught seven times in the last six months and you have that many, 15 or so, previous convictions for driving** [**with a suspended or revoked license**]**.**  I mean, you are just a nuisance to society and to the police.  I mean, **you think they have nothing else to do but chase you** around town?

- 13 -

[Morgan]: No, they have way more better [sic] stuff to do, but I was just an idiot and it's no joke no more [sic], I realize that.

The Court: Obviously.

[Morgan]: It's not like it used to be.

The Court: **The [c]ourt finds aggravating circumstances and your complete defiance of the law and what you have done to law enforcement**[.] **I can't imagine being a police officer in your town constantly chasing you around**. It's disgraceful.

N.T. Sentencing Hearing, 1/7/20, at 2-4 (emphasis added).

Here, the court sentenced Morgan in the aggravated range of the sentencing guidelines in three of the four underlying cases; since Morgan was not sentenced in the aggravated range under docket number 1445, we dismiss that claim. Additionally, from our review, we discern that the court had the benefit of Morgan's PSI prior to sentencing. **See** Trial Court Opinion, 12/9/20, at 9. As such, we may assume the trial court was aware of Morgan's specific characteristics, including what the sentencing judge noted was Morgan's "egregious driving history, and uncooperativeness with law enforcement," **see** Trial Court Opinion, 12/9/20, at 8, and that the court properly weighed those characteristics against the relevant statutory factors. **See Brown**, **supra**. Additionally, at the sentencing hearing, the court acknowledged Morgan's conduct and characteristics were atypical of the average offender, noting that, although the offenses themselves are normally considered to be minor, the circumstances of Morgan's defiantly repetitive unlawful conduct aggravated the nature of his offenses. **See Fullin**, **supra**. Morgan's Pennsylvania

certified driver's history,[5] which totaled twenty-three pages, was appended to Morgan's PSI and indicated Morgan was caught approximately sixteen times driving while his license was suspended/revoked. *See Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999) ("[P]rior [connections], of whatever nature, with law enforcement authorities, are unquestionably among the circumstances to be scrutinized in determining the appropriate sentence."). The court did not merely use factors already considered in the sentencing guidelines, *see Darden*, *supra*, but rather supplemented Morgan's lengthy criminal history with the additional legal considerations of the protection of the public and unnecessary waste of the limited law enforcement resources of the **several police departments that were continuously involved in a coordinated effort to effectuate Morgan's arrests**. *See Simpson*, *supra* at 339. Additionally, contrary to Morgan's claims, the court specifically stated that it found these to be the aggravating circumstances, *see* N.T. Sentencing Hearing, 1/7/20, at 4, which satisfied the requirement that the court explain any deviation from the guidelines. *See Simpson*, *supra* at 338. The court was free to weigh Morgan's aggravating factors against his other relevant sentencing information. *See Chilquist*, *supra*. Consequently, Morgan has not shown that his sentence is unreasonable; thus, his discretionary aspect of sentencing claim fails. *See* 42

---

[5] The court noted that Morgan's "lengthy Pennsylvania [c]ertified [d]river's [h]istory . . . [is t]he longest history this [c]ourt has ever observed." Trial Court Opinion, 12/9/20, at 9 n.2.

Pa.C.S.A. § 9781(c)(3). We find that the court acted within its discretion under these circumstances. ***See Nevels***, ***supra***.[6]

---

[6] Even though waived, we will consider the merits of Morgan's claim that his sentence is harsh and excessive because this Court has previously found that "it is necessary for us to examine the merits of the appeal [of the discretionary aspects of defendant's sentence] to determine if it is 'wholly frivolous' so as to permit counsel's withdrawal." ***Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990). Inasmuch as we must address the merits of Morgan's excessiveness claim, we find that claim is meritless. First, we note that a claim that the court imposed a sentence outside the guidelines while failing to consider mitigating circumstances has been found to raise a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. 2015) (holding claim of excessiveness coupled with claim trial court failed to consider rehabilitative needs and mitigating factors presents substantial question). Additionally, we have recognized that a sentence can be so manifestly excessive, in extreme circumstances, that it may raise a substantial question. ***See Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010). "When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***Commonwealth v. Zirkle***, 107 A.3d 127, 134 (Pa. Super. 2014) (citation and quotation marks omitted).

Here, Morgan's excessiveness claim, even if not waived, fails on its merits. The record reveals that the court was aware of Morgan's circumstances, prior criminal record, personal characteristics, and rehabilitative potential. ***See Brown***, ***supra***. Moreover, the court had the benefit of reviewing the PSI prior to Morgan's sentencing. ***See*** Trial Court Opinion, 12/9/20, at 9. Therefore, we may assume the court considered and properly weighed Morgan's mitigating circumstances. ***See Devers***, ***supra***. Additionally, we do not find that the court's consecutively imposed sentences amounted to an excessive period of incarceration considering Morgan's criminal conduct. ***See Zirkle***, ***supra***. Indeed, the court noted that Morgan's driving offense history was the lengthiest the court ever encountered, ***see supra***, at n.5, and that Morgan's repeated offenses required the coordination of at least three different police departments to effectuate his arrest. ***See also Commonwealth v. Norris***, 375 A.2d 122, 123-24 (Pa. Super. 1977) (imposition of sentence rests solely within broad discretion of sentencing judge; appellate court will not find abuse provided sentence is within statutory limits, and unless sentence imposed is

*(Footnote Continued Next Page)*

As a result of the above, we agree with Attorney DeVita and find Morgan's appeal to be wholly frivolous. *See Goodwin*, *supra*. We, therefore, affirm Morgan's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2021

---

so manifestly excessive as to inflict too severe a punishment; sentencing judge has discretion to impose consecutive sentences for multiple convictions); *Commonwealth v. Martin*, 611 A.2d 731, 735 (Pa. Super. 1992) (sentencing court is in best position to view defendant's character, display of remorse, indifference, and general nature of crime).